NATIONAL ENVIRONMENTAL SERVICES CORPORATION, Petitioner, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Fourth District   No. 4—90—0702

Opinion filed April 23, 1991.—Rehearing denied May 22, 1991.

Clifton A. Lake and Mark J. Steger, both of McBride, Baker & Coles, of Chicago, for petitioner.

Roland Burris, Attorney General, of Springfield (Christine Zeman and John J. Kim, Assistant Attorneys General, of counsel), for respondents.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Petitioner National Environmental Services Corporation (NESC) seeks judicial review under section 41 of the Illinois Environmental Protection Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, par. 1041) of an order of the Illinois Pollution Control Board (Board). (*National Environmental Services Corp. v. Illinois Environmental Protection Agency* (July 19, 1990), ____ Ill. PCB ____, Op. 89—129.) The Board's

order affirmed the Illinois Environmental Protection Agency's (Agency) determination that the hospital waste incinerated at NESC's facility is subject to the hazardous-waste fee pursuant to section 22.2 of the Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1022.2).

NESC operates an incinerator at Clinton, Illinois, which burns medical waste from hospitals and other health-care facilities. The medical waste arrives at the facility in sealed containers, and the entire container is then incinerated by NESC without ever being opened.

NESC applied for a permit enabling it to treat "hazardous (infectious) hospital waste" as defined in the Illinois Administrative Code (Code) (35 Ill. Adm. Code §809.901 (1985)). The Agency granted NESC a development permit and a supplemental permit with a "generic waste stream permit attachment." The development permit authorized the construction, start-up, and shakedown of the incinerator. The development permit contained two conditions relevant to this appeal. Condition No. 2 prohibited NESC's facility from receiving any "RCRA hazardous waste, radioactive waste, mixed waste, asbestos waste, or wastes which held or are contaminated with chemotherapy drugs listed in 45 IAC 721.133 ([see 35 Ill. Adm. Code §721.133 (1987 Supp.)]." "RCRA" refers to the Federal Resource Conservation and Recovery Act of 1976 regulating hazardous waste (42 U.S.C §6921 (1988)). Condition No. 24 of the development permit required NESC to comply with section 22.2(b) of the Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1022.2(b)), and regulations set forth in the Code (35 Ill. Adm. Code §§855.101 through 855.212 (1985)), both of which refer to the hazardous-waste fee system.

The supplemental permit authorized NESC to accept "hazardous (infectious) hospital waste." It indicated that the hazardous hospital waste NESC accepted for incineration was subject to the hazardous-waste fee. This classification imposes on NESC a fee pursuant to section 22.2 of the Act.

NESC filed a petition for review with the Board, contesting the condition in the supplemental permit imposing the hazardous-waste fee. After a hearing on NESC's petition, the Board affirmed the Agency's decision in an opinion and order on July 19, 1990. In its opinion, the Board held that hazardous hospital waste was intended to be subject to the hazardous waste fee under section 22.2 of the Act because (1) the statutory language, including the definitions of hazardous waste (Ill. Rev. Stat. 1989, ch. 111½, par. 1003.15), hazardous hospital waste (Ill. Rev. Stat. 1989, ch. 111½, par. 1003.13), and industrial process waste (Ill. Rev. Stat. 1989, ch. 111½, par. 1003.17),

indicates that this is what the legislature intended; (2) prior Agency regulations implementing the fee system indicate hazardous hospital waste is subject to the fee (4 Ill. Reg. 125, 133 (eff. Aug. 27, 1980)); (3) present Agency regulations implementing the fee system at title 35, section 855.102, of the Code include the definition of hazardous hospital waste (35 Ill. Adm. Code §855.102 (1985)), and title 35, section 855.203, requires hospitals to keep records of hazardous hospital waste (35 Ill. Adm. Code §855.203 (1985)); (4) the definition of hazardous waste is not limited to what is defined as hazardous waste under Federal law because when section 22.2 was originally enacted there was no Federal law defining hazardous waste; and (5) Board opinions dating from December 1980 indicate that hazardous hospital waste is subject to the fee imposed by section 22.2 of the Act. NESC filed a motion for reconsideration, which the Board denied on September 13, 1990. NESC filed a petition for review with this court, challenging the Agency's imposition of the hazardous-waste fee in the supplemental permit issued to NESC, as affirmed by the Board.

We hold that the infectious hospital waste NESC accepts was properly classified as "hazardous waste," and affirm the Agency's imposition of the hazardous-waste fee pursuant to section 22.2 of the Act, as affirmed by the Board.

■■ Initially, the parties disagree over the standard of review this court should apply; NESC argues the Board's decision should be reviewed *de novo*, while the Agency claims the Board's decision may only be reversed if it is against the manifest weight of the evidence. Both are in error. This case involves solely a question of law, the proper interpretation of section 22.2 of the Act, and the facts are undisputed. In such a case, the reviewing court generally accords some deference to the agency's interpretation of a statute it is charged with administering, but its interpretation is not binding on the court and will not be upheld if erroneous. (*City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 361, 522 N.E.2d 1219, 1222.) The Agency and the Board are both charged with administering the Act, and their interpretation that hazardous hospital waste is hazardous waste subject to fee should be given some deference, but it is clearly not controlling.

■■ Section 22.2 of the Act imposes a fee on owners or operators of hazardous waste sites for hazardous waste they accept at that site for treatment. Section 22.2 states in part:

> "(a) There are hereby created within the State Treasury two special funds to be known respectively as the 'Hazardous Waste

Fund' and the 'Hazardous Waste Research Fund,' constituted from the fees collected pursuant to this Section.

(b)(1) On and after January 1, 1989, the Agency shall collect from the owner or operator of each of the following sites a fee in the amount of:

\* \* \*

(D) 2 cents per gallon or $4.04 per cubic yard for 1989, 2.5 cents per gallon or $5.05 per cubic yard for 1990, and 3 cents per gallon or $6.06 per cubic yard thereafter of hazardous waste received for treatment at a hazardous waste treatment site, if the hazardous waste treatment site is located off the site where such waste was produced and if such hazardous waste treatment site is owned, controlled and operated by a person other than the generator of such waste." (Ill. Rev. Stat. 1989, ch. 111½, pars. 1022.2 (a), (b)(1)(D).)

There is no doubt that if the medical waste NESC accepts is hazardous waste, it should be subject to the hazardous-waste fee.

■ The sole issue in this case is whether infectious medical hazardous waste constitutes "hazardous waste" under section 22.2, and is thus subject to a fee. "Hazardous waste" is defined in section 3.15 of the Act:

" 'Hazardous waste' means a waste, or combination of wastes, which because of its quantity, concentration, or physical, chemical, or *infectious characteristics* may cause or significantly contribute to an increase in mortality or an increase in serious, irreversible, or incapacitating reversible, illness; *or* pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed, *and* which has been identified, by characteristics or listing, as hazardous pursuant to Section 3001 of the Resource Conservation and Recovery Act of 1976, P.L. 94—580, or pursuant to Board regulations." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 111½, par. 1003.15.

■ Section 3.13 of the Act defines "hazardous hospital waste" as "waste generated in connection with patient care that is contaminated with or may be contaminated with an infectious agent that has the potential of inducing an infection and has not been rendered innocuous by sterilization or incineration." (Ill. Rev. Stat. 1989, ch. 111½, par. 1003.13.) The Code definition of "hazardous (infectious) hospital waste" repeats this statutory definition verbatim. (35 Ill. Adm. Code §809.901 (1985).) In its opinion, the Board seems to

equate the terms "hazardous hospital waste" with "hazardous (infectious) hospital waste." Because of the similarity in the definitions, we also find the terms interchangeable.

■■ The language of section 3.15 of the Act, defining hazardous waste, indicates the legislature's intent that hazardous hospital waste fall within the definition of hazardous waste, and is subject to the fee under section 22.2. Section 3.15 is a one-sentence definition, but it provides three ways in which a waste may be classified as "hazardous." The first part of section 3.15 defines a hazardous waste as one "which because of its *** infectious characteristics may cause or significantly contribute to" an increase in mortality or serious illness. (Ill. Rev. Stat. 1989, ch. 111½, par. 1003.15.) The hazardous (infectious) hospital medical waste NESC accepts, because of its infectious characteristics, meets this definition.

The second part of the definition provides two additional ways to identify waste as hazardous. Waste is "hazardous" which "poses a threat to humans or the environment" when improperly handled *and* which has been identified as a hazardous waste pursuant to (1) RCRA *or* (2) Board regulations. This second part is separated from the first part of the definition by a semicolon, and followed by *"or,"* signifying the legislature's intent that the second part provides methods of defining hazardous waste *in addition* to the method contained in the first part.

NESC argues that the Act indicates the hazardous hospital waste it seeks to treat is not subject to the hazardous-waste fee. By its reading, NESC maintains the only way waste may be classified as a hazardous waste is via the second part of section 3.15, *i.e.*, the substance must pose a threat to human health or the environment *and* be identified as a hazardous waste by either RCRA *or* Board regulations. Since neither RCRA nor Board regulations have identified hospital hazardous waste as a hazardous waste, NESC argues the hazardous hospital waste it accepts falls outside the hazardous-waste fee system. NESC contends the first part of the definition of hazardous waste in section 3.15 merely identifies general characteristics of hazardous waste, and that the legislature intended to require in addition that either Federal regulations under RCRA or the Board identify the substances falling within this category of hazardous waste. However, this argument ignores the plain language of the first part of section 3.15, which provides that a waste may be classified as hazardous based on its infectious characteristics. Because the waste NESC accepts meets the first part of the definition of hazardous waste, it was properly classified as hazardous waste subject to fee.

We find the statutory language indicates the legislature intended to include hazardous hospital waste in its definition of hazardous waste in section 3.15 of the Act. We reject NESC's argument that the only way a waste may be defined as hazardous is to be so classified pursuant to RCRA or Board regulations. Accordingly, we affirm the decision of the Illinois Pollution Control Board.

Affirmed.

GREEN and STEIGMANN, JJ., concur.